**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HERMAN BELL,

                                    Plaintiff,                         9:20-cv-00256 (BKS/TWD)

v.

New York State Corrections Officer ("C.O.") JEREMY
SAUNDERS, C.O. CHARLES WINCHELL, C.O.
ANTHONY WETHERBY, C.O. PATRICK
BROCKWAY, and C.O. JUSTIN QUAIN, in their
individual capacities,

                                    Defendants.

**Appearances:**

*For Plaintiff:*
David B. Rankin
Regina Powers
Beldock, Levine & Hoffman LLP
99 Park Avenue, 26th Floor
New York, NY 10016

*For Defendant Charles Winchell:*
Letitia James
Attorney General of the State of New York
Mark G. Mitchell
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

<b>MEMORANDUM-DECISION AND ORDER</b>

**I.      INTRODUCTION**

        Plaintiff Herman Bell brings this action under 42 U.S.C. § 1983, alleging that during his

incarceration at Great Meadow Correctional Facility ("Great Meadow"), Defendants Jeremy

Saunders, Charles Winchell, Anthony Wetherby, Patrick Brockway, and Justin Quain,

corrections officers at Great Meadow, subjected him to excessive force and failed to intervene, in violation of the Eighth and Fourteenth Amendments. (Dkt. No. 1). Plaintiff further alleges that Defendants initiated a disciplinary proceeding against him based on fabricated evidence, which led to his placement in a Segregated Housing Unit ("SHU") where he was subjected to unconstitutional conditions of confinement in violation of his Fourteenth Amendment due process rights. (*Id.*). Presently before the Court is Defendant Charles Winchell's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that he has never worked at Great Meadow and is not the proper defendant in this case, and that the Complaint fails to state a conditions of confinement claim. (Dkt. No. 18). Plaintiff cross-moves to amend the Complaint to dismiss Defendant Charles Winchell and substitute Christopher Winchell in his place. (Dkt. No. 30). Defendant Charles Winchell opposes Plaintiff's motion.[1] (Dkt. No. 35-1). For the following reasons, the Court grants Plaintiff's cross-motion to amend, and denies Defendant Charles Winchell's motion to dismiss as moot.

## II.    BACKGROUND

On March 6, 2020, Plaintiff filed the Complaint alleging that on September 5, 2017, all five named Defendants subjected him to excessive force or failed to intervene. (Dkt. No. 1, ¶ 8). Plaintiff alleges the same Defendants issued "false reports" which led to Plaintiff's placement in SHU "without cause for approximately 30 days." (*Id.* ¶ 10). Plaintiff provides no dates regarding his SHU confinement.

In a letter dated April 27, 2020, Plaintiff advised the Court that he had initially sought "in person service to Great Meadows [sic] Correctional Facility," but cancelled that request on March 17, 2020 "due to the severity of the COVID-19 situation," explaining that it "would be

---

[1] Christopher Winchell has not yet appeared in this action.

irresponsible to send a visitor to a Correctional Facility." The letter further explained that, in light of New York Governor Andrew Cuomo's March 20, 2020 issuance of an Executive Order shutting down "non-essential businesses, including process service companies," he had not tried to effect service since cancelling his initial request. (Dkt. No. 4). Plaintiff therefore sought a 45-day extension of the May 5, 2020 service deadline to June 19, 2020. (*Id.*). The Court granted Plaintiff's request and later extended the service deadline to June 26, 2020. (Dkt. Nos. 6, 7). Plaintiff served all Defendants by June 20, 2020. (Dkt. Nos. 8, 11, 12, 13, 14).

On July 14, 2020, the Court issued a Text Order noting that "the answer deadline as to all defendants has passed,"[2] and that "no answer [had been] filed nor appearance . . . made on behalf of any defendant." (Dkt. No. 15). The same day, Assistant Attorney General Mark Mitchell, who presently represents only Charles Winchell, filed a letter on behalf of all Defendants advising that his office was "evaluating representational issues in this case" and requesting "60-day extensions of time for defendants to respond to the Complaint." (Dkt. No. 16). The Court granted Defendants' request and directed that Defendants file their response to the Complaint by September 10, 2020. (Dkt. No. 17).

On September 9, 2020, Defendant Charles Winchell filed a motion to dismiss under Rule 12(b)(6) together with a declaration stating that he was employed at Eastern New York Correctional Facility and that he has never been to Great Meadow. (Dkt. No. 18; Dkt. No. Dkt. No. 18-1, ¶¶ 2-3). On September 17, 2020, United Stated Magistrate Judge Thérèse Wiley Dancks held a telephone conference in this matter and heard "from counsel regarding whether the correct 'Winchell' is a party to this case." (Text Minute Entry Sept. 17, 2020). According to

---

[2] The answer deadline for the various defendants differed depending on when the summonses were executed and ranged from July 9 to July 13, 2020. (*See* Dkt. Nos. 8, 11-14)

Plaintiff, when he asserted that "he correctly named a party with the name 'Winchell' as a defendant," the Assistant Attorney General responded that "several employees of the New York Department of Correction had the name Winchell." (Dkt. No. 30-1, ¶ 2). Plaintiff replied that "if he had the 'wrong Winchell,' he would not oppose dismissing Charles Winchell as a defendant, provided that Defendant Charles Winchell's counsel could identify the correct defendant with the last name of Winchell." (*Id.* ¶ 3). In a September 18, 2020, Text Order following the conference, Magistrate Judge Dancks noted this conversation and directed the parties "to confer about the issue of whether the correct Winchell has been made a party to this case." (Dkt. No. 23). According to Plaintiff, "Charles Winchell's counsel did not provide the correct individual, or any individual, with the last name of Winchell." (Dkt. No. 30-1, ¶ 5). Plaintiff, however, "subsequently identified Christopher Winchell as the party that should be properly added." (*Id.* ¶ 7).

On October 1, 2020, Plaintiff requested a 30-day extension to respond to Charles Winchell's motion to dismiss, explaining that the "Assistant Attorney General and I have discussed the propriety of the motion to dismiss" and representing that if it is "clear that we sued the wrong Winchell, we will of course not oppose their application, and will make the appropriate application to substitute a party at that time." (Dkt. No. 24, at 1). The Court granted this request on October 2, 2020, extending Plaintiff's response time to October 28, 2020. (Dkt. No. 25). On October 28, 2020, Plaintiff filed his cross-motion to amend the Complaint adding Christopher Winchell and dropping Charles Winchell. (Dkt. No. 30).

## III.    MOTION TO AMEND

Plaintiff has requested leave to amend the Complaint to dismiss Charles Winchell as a Defendant and add Christopher Winchell in his place. (Dkt. No. 30). Plaintiff acknowledges that the statute of limitations on his excessive force claim expired on September 5, 2020, three years

after the alleged September 5, 2017 incident[3] and prior to his motion to amend, but argues that Rule 15's relation-back principles allow his claim against Christopher Winchell. (Dkt. No. 30-5, at 2, 5-8). Charles Winchell does not oppose his dismissal as a Defendant, but does oppose the addition of Christopher Winchell. Charles Winchell argues that amendment to add Christopher Winchell would be futile because any excessive force claim against him would be barred by the three-year statute of limitations applicable to § 1983 cases and would not relate back to the date Plaintiff filed the Complaint. (Dkt. No. 35-1, at 4-5). In his reply, Plaintiff asserts that in addition to relation-back principles, the Executive Orders issued by New York Governor Andrew Cuomo tolled the time for commencement of civil actions from March 20, 2020 to November 3, 2020, rendering his claims against Christopher Winchell timely. (Dkt. No. 40, at 3).

In general, leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2). Rule 15 allows for an amendment to "change[] the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Nonetheless, leave to amend may be denied where amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). "Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(C)).

---

[3] "Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens v. Okure*, 488 U.S. 235, 249-51 (1989)). In New York, the statute of limitations for personal injury actions is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citing N.Y. C.P.L.R. § 214(5)).

Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, the following requirements must be met for a later amendment to a pleading to relate back to the date of the original pleading:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019) (quoting *Hogan*, 738 F.3d at 517). "Rule 15(c)(1)(A) permits an amended pleading to relate back when 'the law that provides the applicable statute of limitations allows relation back.'" *Hogan*, 738 F.3d at 518 (quoting Fed. R. Civ. P. 15(c)(1)(A)).

Here, the only issue with respect to relation back appears to be whether Christopher Winchell, who was not served with the original Complaint, received notice or constructive notice during the 120-day service period. *See Abdell v. City of New York*, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010) ("Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit.") (citations omitted). The Assistant Attorney General takes the position that constructive notice is lacking because the Office of the Attorney General "only represents Defendant Charles Winchell in this action" and is not representing the other named Defendants. (Dkt. No. 35-1, at 6). Courts have not looked favorably on such arguments in cases where government counsel otherwise responsible for representation assigns outside counsel. *See, e.g., Archibald v. City of Hartford*, 274 F.R.D. 371,

384 (D. Conn. 2011) ("The Moving Defendants now seem to suggest that the City should be able to successfully evade claims against officers whom a plaintiff has been unable to identify within the statute of limitations because of the uncooperativeness of the City's own counsel simply by having outside counsel, rather than Corporation Counsel, represent the individual police officer defendants in the case. The Court finds that reasoning perverse, and incompatible with the constructive notice doctrine as it has been applied by district courts in the Second Circuit." (citing, inter alia, *Velez v. Koehler*, No. 87-cv-2019, 1991 WL 130913, at *2, 1991 U.S. Dist. LEXIS 9295, *4-5 (S.D.N.Y. July 8, 1991) (rejecting a newly named defendant's contention that "because the obligation of the Corporation Counsel's Office to represent [him] [was] not absolute," the constructive notice doctrine did not apply)); *Muhammad v. Pico*, No. 02-cv-1052, 2003 WL 21792158, at *20, 2003 U.S. Dist. LEXIS 13402, at *80 (S.D.N.Y. Aug. 5, 2003) ("The doctrine of constructive notice applies to Muhammad's claim against Baltuch, satisfying the notice factor. As a DOCS employee, defendant Baltuch is entitled to representation by the Attorney General of the State of New York, whose office is representing Baltuch and all of the other defendants in this case."). Indeed, there is evidence here that the Attorney General's Office arranged for and is funding the separate representation of Defendants. (*See* Dkt. No. 27, at 1 (Defendant Quain requesting an extension to answer the Complaint "in order to work out issues with respect to representation of counsel," explaining that he "was told by the Office of the Attorney General that the State will pay for [his] representation" but an attorney had not been approved yet and that the AG's Office was "currently re-considering its position with respect to joint representation")).

In any event, the Court need not decide this undeveloped issue at this stage. As all parties agree that Charles Winchell is not a proper defendant and should be dismissed, Charles Winchell

is no longer a party in interest in this case; the Court will address any potential relation-back

issues with respect to Christopher Winchell in the event the parties in interest raise them in a

future motion to dismiss or summary judgment. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. CPT

Med. Servs., P.C.*, 246 F.R.D. 143, 150 (E.D.N.Y. 2007) (granting motion to amend but finding

it "premature to determine whether a statute of limitations defense," or Rule 15(c) relation-back

principles "would be applicable to the claims asserted in Plaintiff's pleadings," indicating that it

would "await proper factual development from the parties on a motion for summary judgment or

dismissal to determine whether the statute of limitations has expired on all or some of Plaintiff's

claims"). Nor does the Court reach the issue, which Plaintiff raised in his reply, of whether the

statute of limitations has been tolled by the Governor's Executive Orders; it has not been briefed

fully and should be addressed by the parties in interest first. Finally, as the Complaint contains

no dates concerning Plaintiff's Fourteenth Amendment conditions of confinement claim and

neither party has addressed the timeliness of this claim, the Court makes no determination with

respect to that issue. The Court therefore grants Plaintiff's cross-motion to file an amended

complaint dropping Charles Winchell, and adding Christopher Winchell, as a Defendant.

## IV.    MOTION TO DISMISS

In his motion to dismiss, Defendant Charles Winchell argues that he is an employee at a

separate correctional facility and had no personal involvement in the events at Great Meadow

and that the Complaint fails to state a plausible Fourteenth Amendment conditions of

confinement claim. (Dkt. No. 18-2). As the Court has granted Plaintiff's motion to amend, which

drops Charles Winchell as a Defendant in this lawsuit, the Court finds his motion to dismiss

moot. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020) ("[W]hen

a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is

still pending, the district court has the option of either denying the pending motion as moot or

evaluating the motion in light of the facts alleged in the amended complaint."); *c.f. Gordon v. Sonar Capital Mgmt. LLC*, 962 F. Supp. 2d 525, 533 n.4 (S.D.N.Y. 2013) ("The Court however, rejects the moving defendants' other arguments for dismissal of the state law claims, as these defendants lack standing to attack the sufficiency of the claims that proceed only against the unnamed 'John Doe' defendants."). Accordingly, Charles Winchell's motion to dismiss is denied as moot.

## V.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Amend the Complaint (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is directed to file his proposed Amended Complaint by May 12, 2021; and it is further

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 18) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: April 29, 2021
          Syracuse, New York

Brenda K. Sannes
U.S. District Judge

9