UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HERMAN BELL,

                          Plaintiff,

   -against-

New York State Corrections Officer ("C.O.") JEREMY
SAUNDERS, C.O. CHRISTOPHER WINCHELL, C.O.
ANTHONY WETHERBY, C.O. PATRICK
BROCKWAY, and C.O. JUSTIN QUAIN, in their
individual capacities,

                        Defendants.
-------------------------------------------------------------------------X

**AMENDED COMPLAINT**
Index. No. 20-CV-00256
(BKS/TWD)

**Demand for Trial by Jury**

       Plaintiff HERMAN BELL ("Mr. Bell"), by his attorney, David B. Rankin of Beldock Levine & Hoffman LLP, as and for his complaint against the defendants, alleges as follows:

**PRELIMINARY STATEMENT**

       1.    This civil rights action seeks redress under 42 U.S.C. § 1983 for injuries Plaintiff suffered from the unconstitutional and unlawful conduct of Defendants, New York State Corrections Officer ("C.O.") JEREMY SAUNDERS, C.O. CHRISTOPHER WINCHELL, C.O. ANTHONY WETHERBY, C.O. PATRICK BROCKWAY, C.O. JUSTIN QUAIN hereinafter ("DEFENDANTS").

       2.    Plaintiff seeks redress for substantial injuries he suffered as a result of the assault at Great Meadows Correctional Facility, and the pain and suffering Plaintiff continues to experience. Plaintiff seeks (i) compensatory damages for physical and psychological injuries, and other financial loss caused by the illegal actions of the defendant; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is proper in the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

6. Plaintiff HERMAN BELL is a citizen of the United States and a resident of New York State and New York County. At all times relevant to this complaint, Plaintiff was incarcerated at Great Meadows Correctional Facility in Westchester County and the State of New York.

7. Upon information and belief, at all times relevant herein, DEFENDANTS were officers at Great Meadows Correctional Facility, acting within the course and scope of his employment and under color of law. They are sued in their individual capacities.

## STATEMENT OF FACTS

8. On September 5, 2017, Plaintiff Herman Bell at or around the steps to the messhall foyer a little after 10:00 am, Mr. Bell was assaulted without provocation by defendants C.O.

JEREMY SAUNDERS, C.O. CHRISTOPHER WINCHELL, C.O. ANTHONY WETHERBY, and C.O. PATRICK BROCKWAY

9. Despite the opportunity to, C.O. JUSTIN QUAIN failed to intervene and stop the assault.

10. All of the DEFENDANTS issued false reports causing Mr. Bell to be placed in a Segregated Housing United ("SHU") or solitary confinement without cause for approximately 30 days.

11. While in SHU Mr. Bell was confined in his cell for 23 hours a day, the back portion opened electronically for one hour of recreation. Whether one goes out at that time or not is up to them. It is possible to get direct sunlight from the screened in space depending on time of day. There were no windows, there was a non-reflective mirror, the cell provided limited privacy, he could only have paper, and pencil. Mr. Bell phone use was restricted, he could only have one visitor a week, he was not allowed any items of personal clothing.

12. Mr. Bell was denied adequate medical care in response to his injuries.

13. As a result of this incident, Mr. Bell suffered a concussion, a serious knee injury, eye damage, multiple broken ribs, bruising, and emotional distress.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Eighth and Fourteenth Amendment Rights)**

14. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

15. The acts of DEFENDANTS constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

16. By DEFENDANTS using force against Mr. Bell which served no legitimate penological purpose as more fully set forth above, and by DEFENDANTS failing to intervene to prevent that use of force despite having a reasonable opportunity to do so, DEFENDANTS violated Mr. Bell's Eighth Amendment right to be free of cruel and unusual punishment, as applied to the states through the Fourteenth Amendment.

17. By reason of the acts and omissions of DEFENDANTS described above, Mr. Bell has endured substantial physical and emotional injuries and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Due Process Rights)

18. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

19. The acts of DEFENDANTS constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

20. The DEFENDANTS fabricated evidence against Mr. Bell in that they initiated a disciplinary proceeding through the use of false documents and statement.

21. This disciplinary proceeding caused Mr. Bell's conditions of confinement to be substantially more restrictive, in that he was placed in the SHU for approximately 30 days.

22. By reason of the acts and omissions of DEFENDANTS described above, Mr. Bell has endured physical and emotional injuries and was otherwise damaged and injured.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the Defendant:

      (a)    compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

      (b)    punitive damages to the extent allowable by law;

      (c)    attorneys' fees;

      (d)    the costs and disbursements of this action;

      (e)    interest; and

      (f)    such other and further relief as the Court deems just and proper.

Dated: May 12, 2021
       New York, New York

                                                  Respectfully submitted,

                                                  BELDOCK LEVINE & HOFFMAN, LLP
                                                  99 Park Avenue, PH/26th Floor
                                                  New York, New York 10016

By:_____
          David B. Rankin
          e: drankin@blhny.com
          t: 212-277-5825
          *Attorney for Plaintiff*