**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HERMAN BELL,

                                 Plaintiff,                    9:20-cv-256 (BKS/TWD)

v.

New York State Corrections Officers JEREMY SAUNDERS, CHRISTOPHER WINCHELL, ANTHONY WETHERBY, PATRICK BROCKWAY, and JUSTIN QUAIN, in their individual capacities,

                                 Defendants.

---

**Appearances:**

*For Plaintiff:*
David B. Rankin
Regina Powers
Beldock Levine & Hoffman, LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016

*For Defendant Jeremy Saunders:*
Ryan T. Donovan
Lukas M. Horowitz
Conway, Donovan & Manley, PLLC
50 State Street, 2nd Floor
Albany, NY 12207

*For Defendant Christopher Winchell:*
Lawrence Elmen
Elmen Law Firm P.C.
24 Pine Street, Suite 4
Glens Falls, NY 12801

*For Defendant Anthony Wetherby:*
Gregory J. Teresi
Teresi Law, PLLC
72 County Route 59
Lake George, NY 12845

*For Defendant Patrick Brockway:*
James C. Knox
Alishah E. Bhimani
E. Stewart Jones Hacker Murphy, LLP
28 Second Street
Troy, NY 12180

*For Defendant Justin Quain*:
Anna V. Seitelman
Donald T. Kinsella
Christina F. Vitolo
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, NY 12260

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

Defendants Jeremy Saunders, Justin Quain, Patrick Brockway, and Anthony Wetherby, and Plaintiff Herman Bell have moved to seal various documents or portions thereof submitted in connection with the pending motions for summary judgment. (Dkt. Nos. 147, 149, 151, 155, 161). None of these motions are opposed. For the reasons that follow, the Court grants in part and denies in part the parties' motions.

### II.  LEGAL STANDARD

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty.*, 763 F.3d 235, 238–39 (2d Cir. 2014). "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself." *Id*. at 239. The First Amendment to the U.S. Constitution "also protects the public's right to have access to judicial documents." *Id*. A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

### 1.  Common Law Right of Access

The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law right of access. "Before any such common law right can attach . . . a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). To constitute a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995).

Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. According to the Second Circuit,

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1049 (2d Cir. 1995). When a document plays a role in a court's adjudication of litigants' substantive rights—a function that is "at the heart of Article III"—the presumption is strong, but "[a]s one moves along the continuum, the weight of the presumption declines." *Id.* When "documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *Id.* at 1050.

Third, the court must balance any "competing considerations" against the weight of the presumption of access. *Lugosch*, 435 F.3d at 120. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy

3

interests of those resisting disclosure.'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1050); *accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. Courts should also assess the "nature and degree of injury," paying heed to "the sensitivity of the information and the subject" and "how the person seeking access intends to use the information." *Id.* at 1051 (explaining that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts").

### 2. First Amendment

The First Amendment right of access stems from the qualified right of the public and the press "to attend judicial proceedings and to access certain judicial documents." *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Once a court concludes that there is a qualified First Amendment right of access to the judicial documents at issue, it may only seal the documents "if specific, on the record findings are made demonstrating the closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court . . . are not sufficient to justify closure." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). Examples of "higher values" may include law enforcement interests, the privacy of innocent third parties, *Amodeo II*, 71 F.3d at 1050, the attorney-client privilege, *Lugosch*, 435 F.3d at 125, and sensitive commercial information, *Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019).

## III. DISCUSSION

The parties seek to file under seal the unredacted versions of four categories of documents submitted in connection with the pending motions for summary judgment in this

action: the transcript of Plaintiff's deposition from September 8, 2023, (Dkt. Nos. 145-2, 146-4, 150-8, 154-8, 159-2); Plaintiff's medical records, (Dkt. Nos. 145-3, 150-12, 154-11); statements of material facts submitted in accordance with Local Rule 56.1, (Dkt. Nos. 145-5, 146-12, 150-15, 154-13); and memoranda of law in support of or in response to the pending motions for summary judgment, (Dkt. Nos. 145-6, 146-1, 158).

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches." *Lugosch*, 435 F.3d at 121. The parties seeking to seal such documents must point to a countervailing interest that would defeat this presumption. *See id.* at 120.

### A.    Plaintiff's Deposition Transcript

Defendants Saunders, Quain, Brockway, and Wetherby ask the Court for permission to file under seal Plaintiff's transcript or portions thereof in large part on the basis that the transcript was designated confidential in accordance with the Confidentiality Stipulation and Protective Order ("Protective Order") signed by Magistrate Judge Thérèse Wiley Dancks on November 29, 2021, as well as because of Plaintiff's privacy interests in protecting the information sought to be sealed (*See* Dkt. No. 147-1, at 4–6; Dkt. No. 149-1, ¶¶ 7–8; Dkt. No. 151-1, at 5; Dkt. No. 155-1, at 4–5; *see also* Dkt. No. 86). Plaintiff also seeks to seal the transcript on the basis that it "contains significantly private and sensitive information that is unrelated to the present litigation and that would greatly hinder his strong privacy interests if not kept under seal." (Dkt. No. 161-1, at 5–6).

These reasons do not justify sealing. The fact that the transcript has been marked confidential pursuant to the Protective Order is insufficient to overcome the presumption of access as "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable." *Lugosch*, 435 F.3d at 126 (citation

omitted); *see also Dandong v. Pinnacle Performance Ltd.*, No. 10-cv-8086, 2012 WL 6217646, at *2, 2012 U.S. Dist. LEXIS 177525, at *8 (S.D.N.Y. Dec. 3, 2012) ("The consent of the parties is not a valid basis to justify sealing, as 'the rights involved are the rights of the public.'" (citation omitted)). Additionally, while, as stated, privacy interests can be sufficient to overcome the presumption of access, "'[b]road and general findings' and 'conclusory assertion[s]' are insufficient to justify deprivation of public access to the record," *Bernstein*, 814 F.3d at 144–45 (quoting *Erie Cnty.*, 763 F.3d at 243). The parties' language describing the privacy interests as stake is too vague and non-specific to meet his burden. Accordingly, the Court will not grant the sealing of Plaintiff's deposition transcript at this time.

### B.     Medical Records

Defendants Saunders, Brockway, and Wetherby also request the Court's permission to file unredacted versions of Plaintiff's medical records under seal because of Plaintiff's privacy interests in this information. (Dkt. No. 147-1, at 5–6; Dkt. No. 151-1, at 5–6; Dkt. No. 155-1, at 5–6.)

"[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute." *U.S. v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) (citation omitted). As a result, "[c]ourts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interest in those records." *Dabiri v. Fed. of States Med. Bds. of the U.S., Inc.*, No. 8-cv-4718, 2023 WL 3741978, at *3, 2023 U.S. Dist. LEXIS 94994, at *6 (E.D.N.Y. May 31, 2023) (quoting *Toolasprashad v. Toolasprashad*, No. 21-cv-4672, 2021 WL 4949121, at *3, 2021 U.S. Dist. LEXIS 205238, at *6 (E.D.N.Y. Oct. 25, 2021)). Accordingly, the Court will grant Defendants' motions to seal Plaintiff's medical records.

### C. Statements of Material Facts

Defendants Saunders, Quain, Wetherby, and Brockway all seek to seal unredacted versions of statements of material facts. (Dkt. No. 147 at 1; Dkt. No. 149-1, ¶ 10; Dkt. No. 151-1, at 5–6; Dkt. No. 155-1, at 4, 6). Plaintiffs Quain, Brockway, and Wetherby[1] explain that their statements of material facts reference other documents that they have sought permission to file under seal, including Plaintiff's transcript deposition and medical records. (Dkt. No. 149-2, at ¶ 10; Dkt. No. 151-1, at 5–6; Dkt. No. 155-1, at 4, 6).

Plaintiff publicly filed responses to Defendants' statements of material facts which include the portions of those statements of material facts that Defendants sought to redact. (*See* Dkt. No. 160). Accordingly, it would be inappropriate for the Court to order the statements of material fact under seal. "As the Second Circuit has noted, the Court has no ability to make private that which has already become public." *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)).

### D. Memoranda of Law

Finally, Defendants Saunders and Quain and Plaintiff request the Court's permission to file unredacted versions of their memoranda of law. (Dkt. No. 147, at 1; Dkt. No. 149-1, ¶ 10; Dkt. No. 161-1, at 6–7). Here too, Defendant Quain and Plaintiff[2] indicate that they seek to seal these memoranda because of internal references to the Plaintiff's deposition transcript. (*See* Dkt. No. 149-1, ¶ 10; Dkt. No. 161-1, at 6–7). And for the same reasons that the Court denies sealing

---

[1] Defendant Saunders does not specifically justify why his statement of material facts should be redacted, but his brief suggests that it is also because he seeks to seal certain underlying material referenced within it. (*See generally* Dkt. No. 147-1).

[2] As with his statement of facts, Defendant Saunders does not clearly explain why portions of his memorandum of law should be sealed, but again his brief suggests that it is because he seeks to seal certain underlying material referenced within it. (*See generally* Dkt. No. 147-1).

the deposition transcript at this time, the Court will not grant sealing portions of the memoranda of law either.

However, to the extent Plaintiff still seeks to seal the various versions of the deposition transcript, (Dkt. Nos. 145-2, 146-4, 150-8, 154-8, and 159-2), or the memoranda of law, (Dkt. Nos. 145-6, 146-1, 158), referenced herein, Plaintiff may renew his motion. Any redactions must be narrowly tailored, *see Lugosch*, 435 F.3d at 120, and the bases for these redactions must be supported by a sworn statement from an individual with personal knowledge, *see, e.g.*, *Prescient Acquisition Grp., Inc. v. MJ Pub. Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (explaining that the Court had "directed any party seeking to maintain a document under seal to submit 'an affidavit by a person with personal knowledge of the facts, *i.e.* not merely counsel of record.'"). Any renewed motion to seal must be filed within twenty-one days of this decision.

### IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' Saunders, Brockway, and Wetherby's motions to seal, (Dkt. Nos. 147, 151, 155) are **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant Quain's motion to seal, (Dkt. No. 149), is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to seal, (Dkt. No. 161), is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of Court is directed to publicly file unredacted versions of Dkt. Nos. 145-5, 146-12, 150-15, and 154-13; and it is further

**ORDERED** that any renewed motion to seal must be filed within twenty-one (21) days of this Order, with supporting affidavit(s) from individual(s) with personal knowledge setting forth the reasons why sealing satisfies the sealing standard in *Lugosch*; and that to the extent the

renewed motion seeks to file a redacted version of an exhibit, the proposed redacted version must be provided to the Court in accordance with Local Rule 5.3(a); and it is further

**ORDERED** that if there is not a timely renewed motion to seal the Clerk of the Court shall publicly file the items for which sealing has been denied.

**IT IS SO ORDERED.**

Dated: December 10, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge